**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JESSE WATKINS, | : | |
| Plaintiff, | : | Civil Action No. 19-21966 (MAS) (LHG) |
| v. | : | **MEMORANDUM AND ORDER** |
| OFFICER MERRIEL, et al., | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff Jesse Watkins' complaint which was filed as a civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff neither paid the filing fee, as required by 28 U.S.C. § 1914, nor submitted an application to proceed *in forma pauperis*, as required by 28 U.S.C. § 1915(a). As a result, this Court administratively terminated the action and provided Plaintiff with forty-five (45) days to pay the filing fee or submit an *in forma pauperis* application. (Order, Feb. 7, 2020, ECF No. 3.) On March 12, 2020, Plaintiff filed a motion with the court seeking to reinstate his case but indicates that his case has been improperly filed as a civil rights complaint under § 1983. (Mot., ECF No. 4.) Plaintiff states that he intended to file a federal criminal complaint pursuant 18 U.S.C. §§ 241 and § 242 and he requests that his complaint be filed as such. (*Id.*)

Under federal law, however, a private citizen may not initiate criminal prosecution under 18 U.S.C. §§ 242 or 241. *See Rodriguez v. Salus*, 623 F. App'x 588, 589 n.1 (3d Cir. 2015) (finding that plaintiff's attempt to initiate criminal charges under 18 U.S.C §§ 241 or 242 were properly dismissed because "there is no federal right to require the government to initial criminal proceedings."); *see also Wheeler v. Ulisny*, 482 F. App'x 665, 669 (3d Cir. 2012) ("a private citizen

cannot file a criminal complaint in [federal] court nor is there a federal right to require the Government to initiate criminal proceedings" (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Thus, Plaintiff, as a private citizen, cannot initiate criminal prosecution against Defendants in this Court under 18 U.S.C. §§ 241 or 242.

If Plaintiff wishes to procced on his complaint as a civil rights action pursuant to 42 U.S.C. § 1983, he must inform the Court and either pay the filing fee or submit an application to proceed *in forma pauperis* within forty-five (45) days of the entry of this order.

**IT IS** therefore on this 30th day of March, 2020,

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter for the purposes of considering Plaintiff's motion;

**ORDERED** that Plaintiff's motion (ECF No. 4) is **DENIED WITHOUT PREJUDICE**;

**ORDERED** that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007-A(Rev. 5/13)) to be used by Plaintiff in any future application to proceed *in forma pauperis*;

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing, within forty-five (45) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee;

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either the completed *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case;

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); and it further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Plaintiff by regular mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**